IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KESHA TERRY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-03360-S (BT) |
| | § | |
| MARTIN HOFFMAN, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kesha Terry brings this *pro se* civil action against Judge Martin Hoffman, a state court judge, for monetary damages. *See* Compl. (ECF No. 3). The Court granted Terry leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. Ord. (ECF No. 6). For the reasons stated, the Court should dismiss Terry's complaint under 28 U.S.C. § 1915(e)(2)(B).

**Background**

Terry filed this lawsuit—her seventh *pro se* civil action in the past ten years—against Judge Hoffman, the presiding judge in the 68th Civil District Court in Dallas, Texas. In her complaint, she alleges she is an African-American woman and she has a right to be heard. Compl. 1. She claims Judge Hoffman violated her rights when he would not let her speak or be heard in court. *Id.* Specifically, Terry alleges that she had a hearing on November 9, 2020 in front of Judge Hoffman, who gave the parties thirty minutes to make their arguments, but Judge Hoffman only allowed her one minute to speak. *Id.* She also alleges that Judge Hoffman ignored

1

evidence she tried to present and refused to hear her case in violation of other judges' orders. *Id.* Based on this conduct, she seeks a jury trial and ten million dollars in damages.

## Legal Standards and Analysis

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). It is well-established that judges are generally protected by absolute immunity for judicial actions they take within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009); *Sparks v. Duval Cty. Ranch Co., Inc.*, 588 F.2d 124, 125 (5th Cir. 1979) (per curiam). In fact, "[j]udicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing *Mireles*, 502 U.S. at 11). Moreover, "[t]he fact that it is alleged that the judge acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity." *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991).

Here, the only named defendant, Judge Martin Hoffman, is the presiding judge in the 68th Civil District Court in Dallas, Texas. And the conduct Terry complains about occurred while Judge Hoffman was acting as the judge presiding

over her case in state court. Judge Hoffman is absolutely immune from civil liability for actions taken within the scope of his jurisdiction. Terry's claims must therefore be dismissed.

## Conclusion

The Court should DISMISS Terry's complaint under 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED**.

November 13, 2020.

    _____
    REBECCA RUTHERFORD
    UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).