IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KESHA TERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-03360-S (BT) |
| | § | |
| MARTIN HOFFMAN, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Kesha Terry's "Motion for Clarification" under Rule 59. (ECF No. 14.) For the reasons stated, the Court should deny Terry's motion.

I.

Terry, an African-American woman, filed a *pro se* complaint (ECF No. 3) against Judge Martin Hoffman, a state court judge, for monetary damages and a motion to proceed *in forma pauperis* (ECF No. 4). The undersigned magistrate judge granted her motion to proceed *in forma pauperis* and issued findings and conclusions, recommending that the Court dismiss Terry's complaint under 28 U.S.C. § 1915(e)(2)(B) because Judge Hoffman is absolutely immune from civil liability for actions taken within the scope of his jurisdiction. *See* Ord. (ECF No. 6); FCR (ECF No. 7).

Terry filed two motions for leave to amend (ECF Nos. 9, 10), but the undersigned denied her requests as futile and duplicative of her objections to the FCR. Ord. (ECF No. 11). The Court overruled Terry's objections to the FCR, and on April 20, 2021, it accepted the FCR and entered judgment. Ord. (ECF No. 12); J. (ECF No. 13). Thereafter, on April 26, 2021, Terry filed her "Motion for Clarification," which the Court should construe as a motion for reconsideration. Mot. (ECF No. 14).

II.

A motion seeking reconsideration of a prior ruling is evaluated either as (i) a motion to alter or amend a judgment under Rule 59(e), or (ii) as a motion for relief from a final judgment, order, or proceeding or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). If the movant filed the motion within twenty-eight days after the entry of judgment, the Court treats the motion as though it was filed under Rule 59; and if the movant filed the motion more than twenty-eight days after the entry of judgment, the Court analyzes it under Rule 60(b). *Id.* Here, Terry filed her motion on April 26, 2021, six days after the Court entered its judgment on April 20, 2021. Therefore, the Court should consider the motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.).

Under Rule 59, the court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law. . . and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). When a court considers

2

a Rule 59 motion, it is must recognize "the need to bring litigation to an end and the need to render decisions on the basis of all the facts" must be balanced. *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). A motion to alter or amend a judgment under Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). A manifest error of law is an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation marks omitted). A court has considerable discretion in deciding whether to reopen a case under a Rule 59(e) motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

### III.

As a threshold matter, Terry's motion should be denied because it is an impermissible substitute for an appeal. Terry moves for reconsideration of this Court's judgment, but she failed to appeal this Court's order of acceptance and judgment to the Fifth Circuit Court of Appeals.

Moreover, even if Terry's motion were appropriate, it should still be denied on the merits because she has failed to show that she is entitled to Rule 59 relief. Terry states that she is asking the Court to hold Judge Hoffman accountable for "his racist actions, and that [the] racist actions be stopped, and that Black American people who bring Civil Cases, and lawsuits be heard in these Texas

3

Courts." Mot. 1 (ECF No. 14) . Terry claims that "[t]hough, I am Black, I have rights, legal rights that I can rely on as a citizen." *Id.* Terry further claims that Judge Hoffman violated her rights when he told her to be quiet but let the "white people talk." *Id.* Terry argues that Judge Hoffman did not let her talk, which denied her right of access to the courts when he prevented her from speaking. *Id.* She further argues that Judge Hoffman's actions violated her Sixth Amendment rights under the United States Constitution. *Id.* Terry claims that she submitted paperwork to the court, and it showed she had been granted default judgment on April 29, 2019 because the defendant refused to "answer[ ] to the courts." *Id.* 2. However, the defendant was given an extra 30 days to respond before default judgment was entered. *Id.* Terry argues that Judge Hoffman, is white and he allowed the white defendant to pay her debt to Terry. *Id.* Finally, Terry seeks clarification from the "magistrate judge who lied on [her] Civil Case playing like, [she had brought] a case against Martin Hoffman for 10 years." *Id.*

Terry's arguments against Judge Hoffman lack merit because judges are generally protected by absolute immunity for judicial actions they take within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009); *Sparks v. Duval Cty. Ranch Co., Inc.*, 588 F.2d 124, 125 (5th Cir. 1979) (per curiam). In fact, "[j]udicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing *Mireles*, 502 U.S. at 11).

Here, the actions Terry complains of by Judge Hoffman occurred within the course and scope of his position as the presiding judge in the 68th Civil District Court in Dallas, Texas. Terry's arguments against Judge Hoffman therefore fail. Terry's argument that the undersigned magistrate judge made any factual misstatements regarding Terry's history of litigation against Judge Hoffman over the past ten years fails because the undersigned is also absolutely immune from civil liability for actions taken within the scope of her jurisdiction. Consequently, Terry has failed to present an argument demonstrating that she is entitled to relief from this Court's judgment.

## RECOMMENDATION

The Court should DENY Terry's Rule 59 motion (ECF No. 14).

**SO RECOMMENDED**.

April 29 , 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).